Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MICHAEL ERVIN,** | Case No. |
| Plaintiff, | **COMPLAINT FOR VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT** |
| vs. | |
| **B &T FINANCIAL SERVICES LLC,** | |
| Defendant. | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

Complaint - 1

## II.  JURISDICTION

2.     Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III.  PARTIES

3.     Plaintiff, Michael Ervin ("Plaintiff"), is a natural person residing in Sacramento county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4.     At all relevant times herein, Defendant, B&T Financial Services LLC, ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f).  Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV.  FACTUAL ALLEGATIONS

5.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6. On or about January 14, 2011, Defendant began calling Plaintiff repeatedly and continuously, regarding an alleged debt owed by Plaintiff's ex-wife, Kelly Perkins.

7. Defendant has left repeated voicemails for Kelly Perkins on Plaintiff's home phone number.

8. Defendant continued to call Plaintiff despite being aware that Kelly Perkins was not reachable at Plaintiff's phone number.

9. On March 7, 2011, Plaintiff's counsel sent a letter to Defendant in attempt to resolve the matter. On March 21, 2011, Plaintiff's counsel sent a follow up letter to Defendant. Defendant has failed to respond to either letter

10. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

   a) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff, including, but not limited to, repeatedly calling Plaintiff to collect an alleged debt from Plaintiff's ex-wife (Cal Civ Code §1788.11(d));

   b) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances, including, but not limited to, repeatedly calling Plaintiff to collect an alleged debt from Plaintiff's ex-wife (Cal Civ Code §1788.11(e));

   c) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff, including, but not limited to, repeatedly calling

Complaint - 3

Plaintiff to collect an alleged debt from Plaintiff's ex-wife (§1692d(5));

d) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff including, but not limited to, repeatedly calling Plaintiff to collect an alleged debt from Plaintiff's ex-wife (§1692c(a)(1));

e) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff including, but not limited to, repeatedly calling Plaintiff to collect an alleged debt from Plaintiff's ex-wife (§1692d));

f) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt, including, but not limited to, repeatedly calling Plaintiff to collect an alleged debt from Plaintiff's ex-wife (§1692f));

g) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt, including, but not limited to, repeatedly calling Plaintiff to collect an alleged debt from Plaintiff's ex-wife (§1692f(1)); and

h) Collecting an amount from Plaintiff that is not permitted by law, including, but not limited to, repeatedly calling Plaintiff to collect an alleged debt from Plaintiff's ex-wife (§1692f(1)).

11. As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

12. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A. Declaratory judgment that Defendant's conduct violated the FDCPA;

    B. Actual damages;

    C. Statutory damages;

    D. Costs and reasonable attorney's fees; and,

    E. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates by reference all of the preceding paragraphs.

14. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

15. Further, §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the RFDCPA;
    B.    Actual damages;
    C.    Statutory damages for willful and negligent violations;
    D.    Costs and reasonable attorney's fees,
    E.    For such other and further relief as may be just and proper.

## **PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 9th day of July, 2011.

                By:    s/ Todd M Friedman
                          Todd M. Friedman
                          Law Offices of Todd M. Friedman, P.C.
                          Attorney for Plaintiff